Computer of Law /Law Library

**IN THE SUPERIOR COURT
OF GUAM**

PEOPLE OF GUAM,                    )        Criminal Case No. CM609-11
                                   )
                                   )
            v.                     )
                                   )                **ORDER**
                                   )
AUGUST C. SOTELO and BRIAN         )
SAUNDERS,                          )
                                   )
                    Defendants.    )

After reviewing the instant case, the Court *sua sponte* DISMISSES the case against both Defendants because neither of them was promptly arraigned.

Under Guam law, a "defendant shall be arraigned promptly after the indictment or information is filed or after the complaint is filed where prosecution by complaint is required by § 1.15." 8 GCA § 60.10(a). Furthermore, the Supreme Court of Guam held, "unless good cause is shown, a complaint shall be dismissed where a defendant is not promptly arraigned within sixty (60) days of the filing of the complaint." *People v. Rasauo*, 2011 Guam 14 ¶ 14 ("*Rasauo II*"). The Court also held this "standard continues to require a case by case analysis of whether or not the 'specific circumstances' of any given case shows good cause for delay beyond the 60 day period normally required to comply with the law." *Id.*

Here, the complaint was filed May 16, 2011, and a summons was issued directing only Defendant Saunders to appear on July 20, 2011. The Court notes, however, by July 20, 2011, it was already five (5) days past the 60-day limit. The Court also notes that Defendant Sotelo was never summoned. Because the 60-day speedy arraignment deadline set by the Supreme Court of Guam was violated, both Defendants not being arraigned within the 60-day limit, this case must be dismissed. *Rasauo*, 2011 Guam 14.

The Court finds that dismissal should be with prejudice. The Supreme Court of Guam applied the statutory speedy trial time period in *Rasauo II*. This is significant because when a Defendant's right to a speedy trial is violated the action against that Defendant is dismissed with prejudice. It is not unreasonable to apply the same rule in the instant case.

Furthermore, similar to *Rasauo* II where the Defendant, "sought pre-trial relief when he filed a motion to dismiss before the trial court . . . [the Defendant is] not required to show prejudice from the delay." 2011 Guam 14 ¶ 15. The Defendant is not required to show that he was prejudiced from the delay in the instant case because the case is in pre-trial stage. The Court reiterates that it is the duty of all courts and judicial officers (including the Prosecution) to expedite such proceedings to the greatest degree. See 8 GCA § 80.50(a). Therefore, the Court finds that because (1) speedy trial violations result in dismissal with prejudice; (2) the Defendant does not have to show prejudice from the delay; and (3) it was the duty of all court and judicial officers to promptly arraign the Defendant, dismissal with prejudice is appropriate.

Based on the foregoing, the Court DISMISSES the case with prejudice.

SO ORDERED, this ____ day of ___8/2_____ 2012.

Original Signed By:
HON. MICHAEL J. BORDALLO
_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

AUG 0 2 2012

Evelyn R Borja
Deputy Clerk, Superior Court of Guam